**UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
GREENBELT DIVISION**

| | |
|---|---|
| MANEIRA FORD, ) | |
| 10514 Bounty Cove Court ) | **Civil Action No.** |
| Gaithersburg, MD 20878 ) | |
|   Montgomery County ) | **PLAINTIFF'S COMPLAINT FOR** |
| ) | **DAMAGES** |
|   Plaintiff; ) | **(Unlawful Debt Collection Practices)** |
| ) | |
| v. ) | |
| ) | **JURY TRIAL DEMANDED** |
| CHASE BANK, USA, N.A., ) | |
| 201 North Walnut Street **)** | |
| Wilmington, DE 19801 **)** | |
|   SERVE: **)** | |
| The Corporation Trust Company **)** | |
| Corporation Trust Center **)** | |
| 1209 Orange Street **)** | |
| Wilmington, DE 19801 **)** | |
| **)** | |
|   Defendant. **)** | |

## COMPLAINT

NOW COMES Plaintiff, MANEIRA FORD ("Plaintiff"), by and through her attorneys, hereby alleges the following against Defendant, CHASE BANK, USA, N.A. ("Defendant"):

1. Plaintiff brings this action on behalf of herself individually seeking damages and any other available legal or equitable remedies resulting from the illegal actions of Defendant, in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act (hereinafter "TCPA"), 47 U.S.C. § 227 *et seq.*, the Maryland Consumer Debt Collection Act ("MCDCA"), MD Comm L Code § 14–201 *et seq.,* and the Maryland Consumer Protection Act ("MCPA") MD Comm L Code § 13-101 *et seq.*

## JURISDICTION AND VENUE

2. Defendant conducts business in the State of Maryland, and therefore personal jurisdiction is established.

3. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 47 U.S.C. §227(b)(3). See, Mims v. Arrow Financial Services, LLC, 565 U.S. 368 (2012), holding that federal and state courts have concurrent jurisdiction over private suits arising under the TCPA, and 28 U.S.C. § 1367 grants this court supplemental jurisdiction over the state claims contained herein.

4. Venue is proper in the United States District Court for the District of Maryland pursuant to 28 U.S.C § 1391(b)(2) because Plaintiff resides within this District and a substantial part of the events or omissions giving rise to the herein claims occurred within this District.

## **PARTIES**

5. Plaintiff is a natural person residing in Montgomery County, in the city of Gaithersburg, Maryland.

6. Defendant is a nationally chartered bank conducting business in Maryland and has its principal place of business in Wilmington, Delaware.

7. At all times relevant to this Complaint, Defendant has acted through its agents, employees, officers, members, directors, heir, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

## **FACTUAL ALLEGATIONS**

8. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

9. Defendant placed collection calls to Plaintiff seeking and attempting to collect on alleged debts owed by Plaintiff.

10. Defendant placed collection calls to Plaintiff's cellular telephone at phone number (301) 538-06XX.

11. Defendant placed collection calls to Plaintiff from various phone numbers including, but not limited to: (210) 520-0146, (847) 426-9209, (847) 426-9203, (407) 732-2416, (800) 236-0657, and (210) 520-0146.

12. Per its prior business practices, Defendant's calls were placed with an automated telephone dialing system ("auto-dialer").

13. Defendant used an "automatic telephone dialing system", as defined by 47 U.S.C. § 227(a)(1) to place its telephone calls to Plaintiff seeking to collect a consumer debt allegedly owed by Plaintiff, MANEIRA FORD.

14. Defendant's calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

15. Defendant's calls were placed to a telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

16. Defendant never received Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on her cellular telephone pursuant to 47 U.S.C. § 227(b)(1)(A).

17. On or about May 17, 2018, at or around 2:13 p.m. Pacific Standard Time, Plaintiff spoke with Defendant's female representative at (201) 520-0146 and requested that Defendant cease calling Plaintiff's cellular phone.

18. During the conversation, Plaintiff gave her name and social security number in order to assist Defendant's representative in accessing her account before asking Defendant to stop calling her cell phone.

19. Plaintiff revoked any consent, explicit, implied, or otherwise, to call her cellular telephone and/or to receive Defendant's calls using an automatic telephone dialing system in her conversation with Defendant's representative on May 17, 2018.

20. Despite Plaintiff's request to cease, Defendant continued to place collection calls to Plaintiff through October 8, 2018.

21. Depite Plaintiff's repeated request that Defendant cease placing automated collection calls, Defendant placed at least Two Hundred and Two (202) automated calls to Plaintiff's cellular phone.

**FIRST CAUSE OF ACTION**
**NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**
**47 U.S.C. § 227**

22. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-21.

23. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 et seq.

24. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(B).

25. Plaintiff is also entitled to seek injunctive relief prohibiting such conduct in the future.

**SECOND CAUSE OF ACTION**
**KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**
**47 U.S.C. § 227 et. seq.**

26. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-21.

27. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 et seq.

28. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

29. Plaintiff is also entitled to seek injunctive relief prohibiting such conduct in the future.

### THIRD CAUSE OF ACTION -VIOLATIONS OF THE MARYLAND CONSUMER DEBT COLLECTION ACT ("MCDCA") AND MARYLAND CONSUMER PROTECTION ACT ("MCPA") MD COMM L CODE §§ 14-201 *ET SEQ.* AND §§ 13-101 *ET SEQ.*

30. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-21.

31. Defendant violated the MCPA based on the following:

   a. Defendant violated §13-301(14)(iii) of the MCPA by continuously failing to comply with the statutory regulations contained within the MCDCA, § 14-201 *et seq*.

   b. Defendant's conduct of repeatedly and continuously calling Plaintiff on her cellular phone, even after Plaintiff unambiguously required Defendant to cease doing so, could reasonably be expected to harass and abuse the Plaintiff, in violation of §14-202(6) of the MCDCA.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, MANEIRA FORD, respectfully requests judgment be entered against Defendant, CHASE BANK, USA, N.A., for the following:

### FIRST CAUSE OF ACTION

32. For statutory damages of $500.00 multiplied by the number of negligent violations (202) of the TCPA alleged herein; $101,000.00;

33. Actual damages and compensatory damages according to proof at time of trial;

## SECOND CAUSE OF ACTION

34. For statutory damages of $1,500.00 multiplied by the number of knowing and/or willful violations (202) of the TCPA alleged herein; $303,000.00;

35. Actual damages and compensatory damages according to proof at time of trial;

## THIRD CAUSE OF ACTION

36. Actual damages and compensatory damages according to proof at time of trial;

37. Litigation costs and reasonable attorney's fees, as mandated by applicable MCPA § 13-408(b);

## ON ALL CAUSES OF ACTION

38. Actual damages and compensatory damages according to proof at time of trial;

39. Litigation costs and reasonable attorneys' fees; and

40. Any other relief that this Honorable Court deems appropriate.

## JURY TRIAL DEMAND

41. Plaintiff demands a jury trial on all issues so triable.

Dated: December 18, 2018   RESPECTFULLY SUBMITTED,

By: */s/ Anitra Ash-Shakoor*
Anitra Ash-Shakoor
(Federal Bar #18701)
a.ashshakoor@capitaljustice.com
CAPITAL JUSTICE
1300 I Street NW, Suite 400E
Washington, DC 20005
Phone: (202) 465-0888
Fax: (202) 827-0089

James A. Sellers, II
(*Pro hac vice* application to follow)
The Law Offices of Jeffrey Lohman, P.C.

| | |
|---|---|
| 1 | 4740 Green River Road, Suite 310 |
| 2 | Corona, CA 92880 |
| | Phone: (657) 363-4699 |
| 3 | Fax: (657) 272-8944 |
| | Email: JamesS@jlohman.com |

PLAINTIFF'S COMPLAINT